IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ERIC DAILEY                                                          PLAINTIFF

　　　v.                          Civil No. 08-5001

THE STATE OF ARKANSAS;
BENTON COUNTY, ARKANSAS;
JUDGE JEFFRIE RAY CONNER;
DEPUTY PROSECUTOR JONI
R. ROSE; CORPORAL DIANE
SPAIN; JUDGE XOLLIE DUNCAN;
and JUDGE JOHN SCOTT                                                 DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Eric Dailey, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. The case is now before the undersigned for a determination of whether service of process should issue.

## BACKGROUND

Dailey alleges that on July 9, 2007, Corporal Diane Spain searched his property without a warrant. He further maintains she antagonized and pepper sprayed his animals who were performing their duty to protect his family and his property from armed intruders. He states Spain then arrested him without a warrant and charged him with violations of Benton County Ordinance 96-93. Dailey maintains this ordinance has "no effect as law." He asserts that the Constitution of the United States does not authorize "a corporation such as Benton county to make law for a natural citizen of the State of Arkansas. Only the US Congress and the Arkansas State Legislature are created and authorized to make law for [the] natural citizens of the State of Arkansas." *Complaint* at page 3.

-1-

On August 14th, Dailey appeared before Judge Jeffrie Ray Conner and asked him to dismiss the case for lack of jurisdiction. *Complaint* at page 4. Instead, Dailey states over his protest Judge Conner entered a plea on Dailey's behalf. *Id.*

On October 11th, Dailey alleges Deputy Prosecuting Attorney Joni R. Rose denied him his right to have his choice of legal counsel and ignored his requests for a common law court and a jury trial. *Complaint* at page 4. On November 8th, a non-jury trial was held. *Complaint* at page 6. Judge Conner found Dailey had violated the ordinance and ordered him to pay a fine of $280. *Id.*

On November 28th and November 30th, Dailey alleges Judge Xollie Duncan denied his appeal to the circuit court "by converting [his] rights and liberties into a privilege by blocking [him] from [his] right to a jury with a $140 fee that [he could not] pay." *Complaint* at page 6. Similarly, on November 30th, Dailey alleges Judge John R. Scott denied his appeal by stating he had to pay a $140 fee for a jury trial. *Complaint* at page 7.

## DISCUSSION

Certain of Dailey's claims are subject to dismissal. First, his claim that his constitutional rights were violated when he was not provided with a jury trial is subject to dismissal. In *Blanton v. City of North Las Vegas*, 489 U.S. 538, 109 S. Ct. 1289, 103 L. Ed. 2d 550 (1989), the Supreme Court adhered to its prior precedent that "there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision." *Id.*, 109 S. Ct. at 1291 (citation omitted). The Court noted that a maximum authorized prison term of more than six months implicated the right to a jury trial, while a term of six months or less created a presumption of no right to a jury trial. *Id.* A defendant facing a maximum term of six months

-2-

in prison or less could still be entitled to a jury trial but only if he could demonstrate that the additional statutory penalties he faced, viewed in conjunction with the maximum authorized period of incarceration, was so severe that they clearly reflected a legislative determination that the offense in question was a serious one.  *Id.* at 1293.

In this case, Dailey was charged with violation of a Benton County Ordinance No. 96-93. *Complaint* at page 3.  This ordinance applies to dangerous or vicious animals.  *See Attached Exhibit* 1.  The penalties are contained in article VII of the ordinance, Sec. 10-33 of the Benton County Municipal Code.  *Id.*  If no injury has resulted, for a first offense the fine is not less than $250 nor more than $300.  *Id.*  For a second and subsequent offense, the fine is not less than $300 nor more than $500.  *Id.*  If injury has resulted, the fines are doubled.  *Id.*  The court may also order the animal neutered/spayed within thirty days at the owner's expense.  *Id.*  If the court believes adequate restraint is unlikely, either because of inability or unwillingness on the part of the owner, the animal may be ordered humanely killed at the owner's expense.  *Id.*

Clearly, the Sixth Amendment right to jury trial did not apply to the violation of this Benton County Ordinance.  *See e.g., Lewis v. United States*, 518 U.S. 322, 325, 116 S. Ct. 2163, 135 L. Ed. 2d 590 (1996)("It is well-established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses, and that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.").  The penalties authorized for violation of the ordinance are not so severe so as to implicate the right to a jury trial.  *Cf. Richter v. Fairbanks*, 903 F.2d 1202 (8th Cir. 1990)(Entitled to jury trial even though prison term for violating city ordinance was only six months where additional 15-year driver's license revocation indicated that the offense was serious).

-3-

Second, to the extent Dailey contends he was denied his right to counsel, this claim also fails. The Sixth Amendment right to appointed counsel extends only to cases in which the accused may be subject to imprisonment. *Alabama v. Shelton*, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002).

Third, to the extent Dailey contends he has been deprived of his right to jury trial because the Arkansas state courts assess a filing fee for appeals, this claim fails. There is no right to a jury trial in district courts in Arkansas. Ark. Code Ann. § 16-17-703 (Supp. 2007). However, in order that the "right of trial by jury remains inviolate, all appeals from judgment in district court shall be de novo to circuit court." *Id.* A filing fee of $140 is assessed for initiating a cause of action in circuit court, including appeals. Ark. Code Ann. § 21-6-403(b)(1) (Supp. 2007). No fee shall be charged if the court allows a person to proceed *in forma pauperis.* Ark. Code Ann. § 21-6-403(c). The statutory filing fee provision does not deny indigent persons access to the circuit courts and thereby access to a jury trial. The statute incorporates a means by which the filing fee may be waived for indigent persons.

Fourth, Judge Jeffrie Ray Conner, Judge Xollie Duncan, and Judge John Scott are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [he or s]he took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

-4-

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.*, 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Dailey does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that

-5-

a declaratory decree was violated or the declaratory relief was unavailable).  Thus, to the extent Dailey seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm."  *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22.  *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  *Mullis*, 828 F.2d at 1392 (citation omitted).  *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law).

Fifth, Dailey's complaint as against Deputy Prosecutor Joni R. Rose is subject to dismissal.  The deputy prosecuting attorney is immune from suit.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."   *Id.*, 424 U.S. at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process."  *Id.*, 424 U.S. at 430.   *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is clear the defendant deputy prosecuting attorney is entitled to

-6-

absolute immunity.  *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Dailey's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Dailey can make no such showing here.  Further, injunctive relief is not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.  *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Sixth, to the extent Dailey challenges his conviction for violation of the ordinance, we find his claim not cognizable under § 1983.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. 486-87.

Finally, Dailey filed a motion for an injunction (Doc. 5) to stop further prosecution and trials by Benton County and the State of Arkansas.  He contends the defendants' courts do not have constitutional jurisdiction and are not common law courts but instead are "courts of admiralty or some other courts not established by the US Constitution Article III."  He maintains he has never been a part of, or in violation of a maritime contract, and he denies one exists.  He

-7-

AO72A
(Rev. 8/82)

further maintains that "[n]o lawful money exists for defendants to be able to legally fine him in their courts."

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions.  In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed  to consider what have come to be known as the *Dataphase* factors.  These factors are:  (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc).  *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997);  *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993).  No single factor in itself is dispositive;  rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction.  *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

Here, Dailey is asking the court to enjoin possible future prosecution of him and to enjoin the collection of a fine already assessed.  He does not suggest he is being singled out for prosecution.  Instead, he merely asserts that he does not recognize the validity of the courts of the State of Arkansas.  We find no basis to grant Dailey injunctive relief.

AO72A
(Rev. 8/82)

## CONCLUSION

Accordingly, I recommend that the claims against the State of Arkansas, Benton County, Judge Jeffrie Ray Conner, Deputy Prosecutor Joni R. Rose, Judge Xollie Duncan, and Judge John Scott be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, or are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). I also recommend that Dailey's motion for injunctive relief (Doc. 5) be denied.

This leaves for later resolution Dailey's claims that Corporal Diane Spain illegally searched his property on July 9, 2007, and illegally arrested him without a warrant at his home on July 9, 2007. I will direct service on Corporal Spain by separate order.

**Dailey has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Dailey is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of April 2008.


/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-9-